UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL VENTI, an individual, | Case No. 1:21-cv-00131-DKG |
| Plaintiff, | |
| v. | **MEMORANDUM DECISION AND ORDER** |
| XEROX CORPORATION, a New York corporation, and JOHN DOE CORPORATIONS I-V, | |
| Defendants. | |

## INTRODUCTION

Before the Court are Plaintiff's Motion to Amend Complaint and Motion to File Documents Under Temporary Seal, and Defendant's Motion to Retain Confidentiality. (Dkt. 43, 44, 51.)[1] The motions are fully briefed and at issue. Having reviewed the entire record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding delay, and because the

---

[1] Plaintiff's pending motion to stay will be addressed in a separate order after the briefing is fully submitted. (Dkt. 56.)

**MEMORANDUM DECISION AND ORDER - 1**

decisional process would not be significantly aided by oral argument, the motion will be decided on the record. Dist. Idaho L. Civ. Rule 7.1(d). For the reasons that follow, the Court will deny Plaintiff's motion to amend, will deem moot Plaintiff's motion to temporarily seal, and will grant Defendant's motion to retain confidentiality.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Michael Venti was employed by Defendant Xerox Corporation from 1998 until the termination of his employment effective October 22, 2020. A few months later, in February 2021, Plaintiff was considered for rehire by Defendant in a short-term contractor position but was not hired. (Dkt.1-4 at ¶¶ 27-28.) On March 1, 2021, Plaintiff filed the instant action against Defendant in state court, alleging claims for unpaid wages, wage retaliation, breach of contract and violation of public policy. (Dkt. 1-2.) One day later, on March 2, 2021, Plaintiff filed his First Amended Complaint adding a claim for negligent infliction of emotional distress. (Dkt. 1-4.) Defendant removed the matter to this Court on March 19, 2021, and all parties consented to proceed before a United States Magistrate Judge. (Dkt. 1, 6.)

Plaintiff propounded his first set of discovery requests to Defendant on June 10, 2021. Defendant raised concerns to Plaintiff about the need for a protective order to produce the requested discovery. The parties were unable to agree on the particulars of a protective order and the Court was engaged to resolve the matter. The Court granted Defendant's motion for entry of a protective order and, on April 15, 2022, entered the Protective Order. (Dkt. 31, 37.) Thereafter, Defendant produced several documents it designated as "confidential" under the Protective Order.

MEMORANDUM DECISION AND ORDER - 2

Relevant here, on April 20, 2022, Defendant produced a document designated confidential and marked as XEROX-001989-2008.[2] Plaintiff contests the confidential designation of XEROX-001989-2008, and seeks to rely on the document in support of his motion to amend complaint to add claims of age discrimination under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. Section 623, *et seq.*, and the Idaho Human Rights Act (IHRA), Idaho Code Section 67-5905 *et seq.* (Dkt. 43, 44, 57.) Defendant maintains XEROX-001989-2008 is properly designated as confidential and filed a motion to retain the confidentiality of XEROX-001989-2008 throughout the pendency of this litigation. (Dkt. 51.) Further, Defendant opposes the motion to amend complaint as untimely and futile. (Dkt. 50.)

## DISCUSSION

### 1.    Motion to Amend Complaint

#### A.    Legal Standard

Federal Rule of Civil Procedure 15(a) permits amendment of the pleadings as a matter of course before trial within certain time constraints. Where the time frame for application of Rule 15(a) has expired, a party may amend its pleading under Rule 15(a)(2) only with the opposing party's written consent, or with the Court's leave which "should freely give leave when justice so requires." *See Bonin v. Calderon*, 59 F.3d 815

---

[2] Plaintiff's proposed second amended complaint alleges XEROX-001989-2008 was disclosed on April 21, 2022, which is inconsistent with Plaintiff's briefing and exhibits filed in support of the motion to amend stating the document was disclosed on April 20, 2022. (Dkt. 43-5 at ¶¶ 14, 34); (Dkt. 43-1, 43-2, 43-3.) In this Order, the Court will apply April 20, 2022 as the date the document was disclosed, as reflected in Plaintiff's exhibits. The discrepancy is noted here only for the purpose of clarifying the record.

(9th Cir. 1995). "This policy is to be applied with extreme liberality." *Eminence Capital,*
*LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). The Ninth
Circuit instructs that in assessing the propriety of a motion to amend, courts should
consider five factors: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party;
(4) futility of amendment; and (5) whether the [party] has previously amended his
[pleadings]." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004). Not all of the factors
merit equal weight, however. Consideration of the prejudice to the opposing party carries
the greatest weight. *Eminence Capital*, 316 F.3d at 1052. "The party opposing
amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*,
833 F.2d 183, 187 (9th Cir. 1987).

Once a scheduling order has been entered, however, the more restrictive provision
of Rule 16(b)(4) applies to require a showing of good cause for failing to amend prior to
the scheduling order deadline. *Robinson v. Twin Falls Highway Dist.*, 233 F.R.D. 670,
672 (D. Idaho 2006) (citing *Coleman v. Quaker Oats*, 232 F.3d 1271, 1272 (9th Cir.
2000)); *Amerisourcebergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 952 (9th Cir.
2006) (Rule 16 applies to motions to amend pleadings that are filed after the time period
set in the court's scheduling order). The relevant inquiry under Rule 16(b)(4) is the
diligence of the party seeking the amendment, not any potential prejudice to the opposing
party. *Robinson*, 233 F.R.D. at 672.

Nevertheless, prejudice to the opposing party can be an additional reason to deny a
motion to amend. *Id*. If an amendment "substantially changes the theory on which the
case has been proceeding and is proposed late enough so that the opponent would be

required to engage in significant new preparation, the court may deem it prejudicial."
*Amerisourcebergen Corp.*, 465 F.3d at 954 n. 10 (quoting 6 Charles Alan Wright, Arthur
R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 1487 (2d
ed. 1990)).

### B.   Analysis

On this motion, Plaintiff requests leave to amend his complaint to add two claims
of age discrimination under the ADEA and the IHRA. (Dkt. 43.) Defendant opposes the
motion as untimely, because it was filed beyond the deadline to amend pleadings and
good cause has not been shown to allow an amendment as required under Rule 16(b)(4).
Defendant further argues the requested amendment would be futile under Rule 15,
because the age discrimination claims are time barred. Plaintiff maintains his motion to
amend is justified, and satisfies both the liberal amendment standard of Rule 15(a), and
the good cause standard applicable under Rule 16(b)(4). (Dkt. 53). Further, Plaintiff
contends the age discrimination claims are not time barred. The Court will first address
the timeliness of the claims.

### i.   The Age Discrimination Claims Are Time Barred

Both the ADEA and IHRA require a claimant to exhaust their administrative
remedies by filing a timely charge with the respective federal and state agencies prior to
filing a civil action alleging unlawful discrimination against their employer. Here,
Plaintiff was required to file his charge of age discrimination with the Equal Employment
Opportunity Commission (EEOC) "within 300 days after the alleged unlawful practice

occurred," and with the Idaho Human Rights Commission (IHRC) within one year of the alleged unlawful discrimination. *See* 29 U.S.C. § 626(d)(1)(B); Idaho Code § 67-5907.

Plaintiff was terminated effective October 22, 2020, and was denied rehiring on February 18, 2021. Therefore, at the latest, Plaintiff had until December 15, 2021 to file a timely charge with the EEOC, and until February 18, 2022 to file a timely charge with the IHRC. *See Lukovsky v. City and County of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008) ("[T]he claim accrues upon awareness of the actual injury, i.e., the adverse employment action, and not when the plaintiff suspects a legal wrong."). Plaintiff filed his charges of unlawful age discrimination concurrently with the EEOC and IHRA on May 5, 2022, well after the statutory deadlines. (Dkt. 43, Dec. Hepworth at ¶ 13, Ex. 3.) Therefore, Plaintiff's charges were not filed within the statutory time frames.

However, "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982) (footnote omitted); *see also Lukovsky*, 535 F.3d at 1051. Plaintiff maintains his age discrimination claims are not time barred due to equitable estoppel, equitable tolling, and relation back. (Dkt. 43.) Defendant disagrees, arguing amendment is futile because none of the equitable theories asserted can revive the time barred age discrimination claims, and because the proposed discrimination

claims do not relate back. (Dkt. 50.)[3] For the reasons that follow, the Court finds Plaintiff's age discrimination claims are time barred and do not relate back.

Neither equitable tolling nor equitable estoppel apply to the circumstances in this case. "'Equitable tolling' focuses on 'whether there was excusable delay by the plaintiff: If a reasonable plaintiff would not have known of the existence of a possible claim within the limitations period, then equitable tolling will serve to extend the statute of limitations for filing suit until the plaintiff can gather what information he needs.'" *Lukovsky*, 535 F.3d at 1051 (quoting *Johnson v. Henderson*, 314 F.3d 409, 414 (9th Cir. 2002)). "Equitable estoppel, on the other hand, focuses primarily on actions taken by the defendant to prevent a plaintiff from filing suit, sometimes referred to as 'fraudulent concealment.'" *Id*. (citation omitted).

Notably, under federal law, equitable tolling is applied "sparingly." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990); *Nelmida v. Shelly Eurocars, Inc.*, 112 F.3d 380, 384 (9th Cir. 1997) ("Equitable tolling is ... to be applied only sparingly.").    In general, there are two scenarios that will justify equitable tolling: (1) "where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period," or (2) "where the complainant has been induced or tricked by his

---

[3] Defendant's argument that the proposed second amended complaint fails to allege sufficient facts to assert a viable age discrimination claim, will not be addressed in this Order. (Dkt. 50.) That argument is more appropriately considered in the context of a motion to dismiss brought under Rule 12, rather than a motion to amend the pleading. The Court makes no determination at this time regarding the sufficiency of the pleading or whether any of the claims are in fact legally barred. The Court's ruling herein is limited to whether Plaintiff should be afforded leave to amend the complaint to add claims of age discrimination.

adversary's misconduct into allowing the filing deadline to pass." *Irwin*, 498 U.S. at 96. Generally, to warrant equitable tolling of a statutory deadline, a plaintiff must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (citation omitted).

The first scenario does not apply. Plaintiff did not pursue an age discrimination claim through a timely yet defective filing. That is to say, Plaintiff did not pursue a claim of age discrimination <u>during the statutory period</u>. To the contrary, Plaintiff states he first pursued his age discrimination claims upon discovery of the evidence on April 20, 2022, well after the statutory period for submitting timely charges with the EEOC and IHRC. (Dkt. 43.)

As to the second scenario, Plaintiff argues Defendant's refusal to timely produce responsive documents in discovery precluded him from access to the documents or knowledge of the information that Plaintiff alleges constitutes evidence of age discrimination. (Dkt. 43.) Further, Plaintiff asserts he was diligent in pursing his claims of age discrimination, as evidenced by the timing of the charges of discrimination and the filing of his motion to amend the complaint after receiving the right to sue letter. (Dkt. 53.) The record reveals otherwise.

The reason for the delay in receiving the document giving rise to the new claim of age discrimination lies, in large measure, with Plaintiff. As is evident in the record, Plaintiff's failure to meet and confer concerning the question of whether a protective order should be entered caused months of delays in the discovery process, particularly

with regard to the document in question. (Dkt. 25, 31, 45.) Indeed, had Plaintiff articulated his position that no protective order was needed earlier, rather than continuing to negotiate the terms of a protected order, the document would have been produced months before the statutory deadline. (Dkt. 25, 45) ("Had Plaintiff ever taken this position previously, there would have been no need to negotiate for months the protective order's terms and Defendant would have simply moved for entry of a protective order much earlier."). Even if some of the delay could be attributed to Defendant, the record belays Plaintiff's contention that he had no part in causing the delay. (Dkt. 45.) Plaintiff cannot create the delay complained of, and then later claim the delay was excusable. That Plaintiff proceeded within a reasonable time to file the charge of discrimination <u>after</u> receiving the document in discovery, also does not absolve Plaintiff for having caused months of delay in the discovery process.[4] Under these circumstances, the balance of the equities simply do not justify tolling the statute of limitations.

For the same reasons, equitable estoppel does not apply. The record does not reflect that Defendant fraudulently concealed or actively engaged in conduct to prevent Plaintiff from timely filing his age discrimination claims, despite Plaintiff's contentions to the contrary. *Lukovsky*, 535 F.3d at 1051-52. Indeed, Defendant produced the document in question and other materials designated as confidential within five days of the Protective Order being entered on April 15, 2022. (Dkt. 37.) For these reasons, the

---

[4] Plaintiff received the document allegedly giving rise to the claim of age discrimination on April 20, 2022, and filed a charge of discrimination concurrently with the EEOC and IHRC on May 5, 2022. (Dkt. 43-3, Ex. 3.) The IHRC issued a notice of right to sue on May 31, 2022. (Dkt. 43-3, Ex. 5.) Plaintiff filed the motion to amend complaint on June 7, 2022. (Dkt. 43.)

Court finds the equitable theories do not apply, and Plaintiff's proposed age discrimination claims are time barred.

Further, the Court finds the age discrimination claims do not relate back to the filing of the original complaint. Rule 15(c)(1)(B) states that "[a]n amendment to a pleading relates back to the date of the original pleading when ... the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out or attempted to be set out in the original pleading." Fed. R. Civ. P.  15(c)(1)(B). "Claims arise out of the same conduct, transaction, or occurrence if they 'share a common core of operative facts' such that the plaintiff will rely on the same evidence to prove each claim." *Williams v. Boeing Co.*, 517 F.3d 1120, 1133 (9th Cir. 2008) (quoting *Martell v. Trilogy Ltd.*, 872 F.2d 322, 325-26 (9th Cir. 1989) (finding relation back where the amended complaint added new theory of recovery based on facts alleged in original complaint)). "The requirement that the allegations in the amended complaint arise from the same conduct, transaction, or occurrence is meant to ensure that the original pleading provided adequate notice of the claims raised in the amended pleading." *Id*. at 1133 n. 9 (quoting *Martell*, 872 F.2d at 326).

Here, the proposed claims allege a new legal theory – age discrimination – that does not arise out of the same conduct, transaction, or occurrence set out, or attempted to be set out, in the original pleadings. The existing claims – unpaid wages, wage retaliation, breach of contract and violation of public policy, and negligent infliction of emotional distress – concern allegations that Defendant withheld payment of wages, and retaliated

against Plaintiff for his complaints about unpaid wages and participation in protected activities related to collective bargaining. (Dkt. 1.)

In contrast, the proposed claims alleged Defendant adopted a discriminatory business plan designed to replace older workers with young employees, and that it adopted the plan intending to disenfranchise older workers or, alternatively, knew certain criteria of the plan would have a disparate and disproportionate impact on individuals over forty years of age. (Dkt. 43-5 at ¶ 14.) These are new and different facts from the allegations supporting the existing wage-based claims, and proving the claims will necessarily require different evidence. Indeed, the proposed second amended complaint alleges the age discrimination claims in the alternative to the existing wage-based claims. (Dkt. 43-5 at ¶¶ 28, 31.) As such, the allegations contained in the present complaint do not adequately put Defendant on notice of the age discrimination claims Plaintiff now seeks to raise.

Further, broadly alleging "wrongful termination" in the background facts of the pleading asserting only wage-based claims, does not provide fair notice to Defendant of any possible claims asserting discriminatory animus. That the existing and proposed claims share the same alleged injuries – termination and refusal to rehire – which triggered the statute of limitations for the age discrimination claims, also does not establish that the claims are based on the same common core of operative facts. *See Lukovsky*, 535 F.3d at 1048-49 (discussing the "discovery rule" as it applies to equitable tolling of the statute of limitations period until plaintiff discovers the actual injury). Plaintiff's knowledge of his alleged injuries and the accrual of his claims do not evidence

MEMORANDUM DECISION AND ORDER - 11

that the claims themselves are based on the same common core of operative facts. As discussed above, the wage-based claims necessarily involve different conduct and occurrences than the age discrimination claims, despite the fact that the alleged injuries are the same.

Based on the foregoing, the Court finds Plaintiff's proposed age discrimination claims do not relate back to the operative pleading.

### ii.     Leave to Amend Standards

Plaintiff maintains leave to amend should be freely given under Rule 15(a), or for good cause under Rule 16(b). The Court finds neither standard is met here to justify allowing Plaintiff to amend the complaint. For the reasons stated above, amendment is futile because Plaintiff's age discrimination claims are time barred and do not relate back. *See Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1060 (9th Cir. 2018) (holding "district court did not abuse its discretion in denying leave to amend" where amendment would be futile); *Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002) (same). Additionally, Plaintiff did not request to extend the May 25, 2022 deadline to amend pleadings despite having received the document giving rise to the new claims on April 20, 2022. (Dkt. 27, 29.) Accordingly, Plaintiff's motion to amend will be denied.

### 2.     Motion to Temporarily Seal and Motion to Retain Confidentiality of XEROX-001989-2008

While not conceding the confidential designation, Plaintiff moves to temporarily file XEROX-001989-2008 under seal as evidentiary support for his motion to amend complaint. (Dkt. 44.) Defendant does not oppose the motion to the extent the document is

placed in the record under seal for purposes of the Court's consideration of Plaintiff's motion to amend. (Dkt. 49.) However, Defendant maintains the document should be treated as confidential in accordance with the Protective Order throughout the pendency of this litigation. To that end, Defendant filed a motion to retain confidentiality of XEROX-001989-2008, and requests fees and costs associated with bringing the motion. (Dkt. 51.) Plaintiff challenges the confidentiality designation of the document and opposes the request for fees and costs. (Dkt. 57.) The Court will address Defendant's motion to retain confidentiality first, as it logically precedes Plaintiff's motion to temporarily file documents under seal.

### A.    Motion to Retain Confidentiality Designation

As to Defendant's motion, the Court conducted an *in camera* review of XEROX-001989-2008. (Dkt. 52.) Having done so, the Court finds good cause has been shown to maintain the confidential designation of XEROX-001989-2008 under the terms of the Protective Order. (Dkt. 37.)

Where, as here, a party contests the confidential designation of a document subject to a protective order, "the party opposing disclosure has the burden of establishing that there is good cause to continue the protection of the discovery material." *In re Roman Catholic Archbishop of Portland in Or.*, 661 F.3d 417, 425 (9th Cir. 2011); *see also* Fed. R. Civ. P. 26(c)(1). In making this determination, the Court first evaluates whether "particularized harm will result from disclosure of information to the public." *Id.* The person seeking protection from disclosure must "allege specific prejudice or harm." *Id.* "Broad allegations of harm, unsubstantiated by specific examples or articulated

reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (citation omitted).

"Second, if the court concludes that such harm will result from disclosure of the discovery documents, then it must proceed to balance the public and private interests to decide whether maintaining a protective order is necessary." *In re Roman Catholic Church*, 661 F.3d at 426. In doing so, courts consider the following factors:

> (1) whether disclosure will violate any privacy interests; (2) whether the information is being sought for a legitimate purpose or for an improper purpose; (3) whether disclosure of the information will cause a party embarrassment; (4) whether confidentiality is being sought over information important to public health and safety; (5) whether the sharing of information among litigants will promote fairness and efficiency; (6) whether a party benefitting from the order of confidentiality is a public entity or official; and (7) whether the case involves issues important to the public.

*Id.* (quoting *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir.1995)).

The document, XEROX-001989-2008, contains Defendant's internal business objectives, corporate strategies, and confidential information related to cost savings measures and restructuring of the business. (Dkt. 51-4, Dec. Ryan.) The document is a presentation that was prepared to share proprietary corporate information and research with senior level executives for internal purposes only, and intended to be kept confidential. (Dkt. 51-4, Dec. Ryan.) The document contains financial information about Defendant's past business performance and projects potential future outcomes for different scenarios. The specific details of the information contained on the slides does not appear to have been disclosed to the public filings quoted by Plaintiff. (Dkt. 57 at 8.)

The proprietary information was used by Defendant's executives to make confidential, internal business decisions regarding corporate restructuring.

In particular, the first four pages of the document discuss a proposed plan for corporate restructuring and business objectives, describing the what, how, when, and why of the proposed plan.[5] These pages report on the successes and failures of Defendant's organizational plans from prior years, and applies that information to suggest future plans for the company. While Plaintiff contends these pages are generic, lack contemporary relevance to future business decisions, and are of no independent economic value, Defendant maintains these pages contain confidential commercial information important to its corporate goals and strategies. (Dkt. 57 at 12-13); (Dkt. 51 at 14-15.) For purposes of the motion to retain confidentiality, the Court finds the information contained in the document, including the first four pages, concerns Defendant's confidential and proprietary commercial information used by senior level executives in making decisions about the company's business objectives and plans.

Disclosure of the document would cause particularized harm to Defendant by revealing the respective strengths and weaknesses of the company, and Defendant's business plans and strategies for achieving the company's objectives. Consequently, any competitive advantage Defendant had cultivated from its internal research and thought processes used to develop the Defendant's own corporate strategies contained in the

---

[5] Plaintiff argues the first four pages of the document are necessary to his age discrimination claims and that Defendant has not shown these particular pages derive any "independent economic value." (Dkt. 57 at 11-12.)

document, would be adversely affected by the public disclosure of the document. The Court finds these are sufficiently particularized harms to satisfy the good cause standard for purposes of retaining the confidentiality designation of the document under the terms of the Protective Order. *See e.g. Todd v. Tempur-Sealy Int'l, Inc.*, 2015 WL 1006534 (N.D. Cal. Mar. 6, 2015) (finding "a particularized harm…can result from disclosure of [research materials]" because "competitors would be able to see Defendant's strengths and weaknesses, and use its business strategies to their own benefit or to Defendant's detriment."); Fed. R. Civ. P. 26(c)(1)(G) (applicable to confidential research, development, or commercial information).

Balancing the public and private interests in light of the above listed factors, the Court finds retaining the confidentiality designation of XEROX-001989-2008 under the Protective Order is necessary at this time. Disclosure will violate Defendant's legitimate and significant interest in retaining its confidential research and commercial information relevant to its internal business strategies and objectives. Public disclosure of the document is not sought for any discernable legitimate purpose, particularly at this stage of the litigation and given the Court's ruling denying Plaintiff's motion for leave to amend. The document has been produced to Plaintiff, who is readily able to use the document during depositions and in motion practice consistent with the terms of the Protective Order and other applicable rules. Factors three through six do not tip the balance in either direction. As to the final factor, the issues in this case are important to the public, not unlike many employment cases. However, that factor alone does not outweigh all of the other interests and factors considered. On whole, the Court finds

Defendant's significant interest in retaining the confidentiality of the document under the terms of the Protective Order outweighs any public interest in its disclosure at this time.

Finally, the Court considered redaction of the document. At this stage of the proceedings, the Court finds redaction will not address the particularized harms found herein. XEROX-001989-2008 is a single, unified presentation comprised of a number of slides containing Defendant's confidential business objectives, strategies, and proprietary research. Parsing out portions of the document for redaction, as suggested by Plaintiff, does not sufficiently preserve the confidential information contained in the document or protect against the particularized harm to Defendant.

For these reasons, the Court finds good cause has been shown to retain the confidential designation of XEROX-001989-2008 under the terms of the Protective Order. Accordingly, Defendant's motion will be granted and XEROX-001989-2008 will remain designated as confidential under the terms of the Protective Order. The Court makes no determination concerning the use of XEROX-001989-2008 in relation to any future proceedings, in particular dispositive motions or during trial which implicates a different standard not before the Court on the present motions. *Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (requiring compelling reasons to seal a document designated as confidential and submitted to the Court in connection with a dispositive motion or at trial.); *California Parents for Equalization of Educ. Materials v. Torlakson*, 2018 WL 3930141, at *6-8 (N.D. Cal. 2018) (discussing the different standards between maintaining the confidentiality of documents under a protective order,

and moving to seal those documents). To be clear, the Court is not concluding, nor has Defendant requested, that the document be permanently sealed. (Dkt. 58.)

**B.      Request for Sanctions**

As to Defendant's request for fees and costs associated with bringing the motion to retain confidentiality, the Court will deny the request and not award sanctions at this time. (Dkt. 51.) Paragraph 6.3 of the Protective Order provides, as follows: "Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions." (Dkt. 37 at ¶ 6.3.) Defendant contends Plaintiff's challenges to the confidentiality designation were frivolous and brought only for improper purposes. (Dkt. 58.) Plaintiff maintains its objections to the confidentiality designation were made in good faith. (Dkt. 57.)

The Court has carefully reviewed the burgeoning record in this lawsuit, which remains in the discovery stage. Having done so, the contentiousness between the parties is readily apparent. The Court gave serious consideration to the request for sanctions related to the motion to retain confidentiality. However, and in deference to Plaintiff's assertion that his challenges were brought in good faith,  the Court finds such challenges do not appear to rise to the level of frivolous and do not appear to have been made solely for an improper purpose. Therefore, the Court will deny the request for sanctions. That being said, the Court will not hesitate to revisit this ruling if circumstances warrant.

The Court is concerned with the apparent inability of counsel to work together in a civil manner without the need for Court intervention and/or a request for sanctions each

time the parties cannot agree. Going forward, counsel are directed to adhere to the letter

and spirit of the rules of professional conduct, and to comport themselves with

professionalism and civility in litigation this action. *See* Dist. Loc. Civ. R. 83.5(a). The

Court draws the parties attention to District Local Civil Rule 83.8, and, in particular, the

following language:

> Civility is the responsibility of every lawyer, judge, and litigant in the
> federal system. While lawyers have an obligation to represent clients
> zealously, incivility to counsel, adverse parties, or other participants in the
> legal process undermines the administration of justice and diminishes
> respect for both the legal process and our system of justice.
>
> The bar, litigants, and judiciary, in partnership with each other, have a
> responsibility to promote civility in the practice of law and the
> administration of justice. The fundamental principles of civility which will
> be followed in the United States District and Bankruptcy Courts for the
> District of Idaho, both in the written and spoken word, include the
> following:
>
>> 1) Treating each other in a civil, professional, respectful, and
>> courteous manner at all times.
>> 2) Not engaging in offensive conduct directed towards others or the
>> legal process.
>> 3) Not bringing the profession in to disrepute by making unfounded
>> accusations of impropriety.
>> 4) Making good faith efforts to resolve by agreement any disputes.
>> 5) Complying with the discovery rules in a timely and courteous
>> manner.

Persisting in the manner displayed thus far in this case is contrary to these precepts

and will not be tolerated. Counsel are officers of the Court and are expected to conduct

themselves accordingly. Doing so is not only required by the rules of the profession and

the Court, but will best serve the litigants and the interests of justice in the fair, speed,

and inexpensive determination of this action. *See* Fed. R. Civ. P. 1.

### C.    Motion to File Documents Under Temporary Seal

As to Plaintiff's motion to file XEROX-001989-2008 under temporary seal, the Court finds the motion to be moot. The stated reason for Plaintiff's motion to seal is to submit the document as evidentiary support for his motion to amend complaint. (Dkt. 44.) However, the document itself was unnecessary to the Court's resolution of the motion to amend complaint and, therefore, need not and should not be filed in the record at this time. *See Chambers v. Whirlpool Corp.*, 980 F.3d 645, 671 (9th Cir. 2020) (quoting *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) ("It is well established that district courts have inherent power to control their docket.").[6] The document remains designated confidential under the Protective Order and has no relevance to the issues presently before the Court. Thus, there is no proper purpose for entering the document in the record at this time.

---

[6] Similarly, Plaintiff's purported need for the document to address affirmative defenses was not relevant to the Court's determination of whether amendment to add new claims was appropriate.

**MEMORANDUM DECISION AND ORDER - 20**

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED as follows:

1) Plaintiff's Motion to Amend Complaint (Dkt. 43) is **DENIED**.

2) Plaintiff's Motion to File Documents Under Temporary Seal (Dkt. 44) is

   **DEEMED MOOT**.

3) Defendant's Motion to Retain Confidentiality (Dkt. 51) is **GRANTED**.

DATED: August 17, 2022

Honorable Debora K. Grasham
United States Magistrate Judge