UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL VENTI, an individual,<br><br>                  Plaintiff,<br><br>v.<br><br>XEROX CORPORATION, a New York corporation, and JOHN DOE CORPORATIONS I-V,<br><br>                  Defendants. | Case No. 1:21-cv-00131-DKG<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Plaintiff's motion for reconsideration. (Dkt. 99). The motion is fully briefed and at issue. The facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the motion is decided based on the record without oral argument. For the reasons that follow, the Court will deny the motion.

## FACTUAL BACKGROUND[1]

In this case, as relevant to the present motion, Plaintiff brought a motion for partial summary judgment on Claim One of his Amended Complaint seeking unpaid wages pursuant to Idaho Code Sections 45-606(1) and 45-615. (Dkt. 1-4 at ¶¶ 31-35, and Dkt. 76). On summary judgment, Plaintiff asserted that Defendant owed him payment of wages due within ten days of his termination, which Plaintiff calculated based on the contract of employment dated May 4, 2017. (Dkt. 76-1). Plaintiff argued the terms of his 2017 contract could not be modified unilaterally based on Idaho caselaw, or retroactively based on Idaho Code Section 45-610(3), and, therefore, he is entitled to his claimed wages as a matter of law. (Dkt. 76-1, 84). Defendant disagreed. (Dkt. 82).

Following a hearing and careful consideration of the parties' arguments and the entire voluminous record, the Court denied Plaintiff's motion based on the existence of several genuine issues of material facts in dispute. (Dkt. 98). Plaintiff now moves for reconsideration of the Court's denial of his motion for partial summary judgment under Federal Rule of Civil Procedure 59(e). (Dkt. 99).

## STANDARD OF LAW

There are four basic grounds upon which a Rule 59(e) motion may be granted: (1) to correct manifest errors of law or fact upon which the judgment rests; (2) to present

---

[1] Because the facts are well known to the parties and Court as reflected summary judgment related filings, they will not be recited in full here.

newly discovered or previously unavailable evidence; (3) to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law. *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). A "manifest injustice" is defined as "an error in the trial court that is 'direct, obvious, and observable.'" Black's Law Dictionary, 11th Ed., 2019. "A manifest error of fact or law must be one 'that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record.'" *In re Wahlin*, 10-20479-TLM, 2011 WL 1063196, at *2 (Bankr. D. Idaho Mar. 21, 2011); *see also Smith v. Clark Cty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (Clear error is found when "the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed.") (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

However, a Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n. 5 (2008) (cleaned up). Relief under Rule 59(e) is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation omitted); *see also Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001) (explaining that a party must overcome a "high hurdle" to obtain relief under Rule 59(e) since only "highly unusual circumstances" will justify its application).

The moving party bears the burden of establishing grounds for relief under Rule 59(e). *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1130–31 (E.D. Cal. 2001). "A party seeking reconsideration must show more than a disagreement with the

MEMORANDUM DECISION AND ORDER - 3

Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *Id*. at 1131 (cleaned up).

## ANALYSIS

On this motion, Plaintiff argues reconsideration is necessary to correct manifest errors of law or fact upon which the decision was based, and to prevent manifest injustice. (Dkt. 99). The Court respectfully disagrees.

Plaintiff's motion for partial summary judgment was denied based on the existence of several genuine issues of material fact in dispute relevant to the claim for unpaid wages. (Dkt. 98). In particular, the Court found a genuine dispute concerning the terms of the employment contract and whether any wages are due to Plaintiff. (Dkt. 98). Both issues are highly contested by the parties and fundamental to the claim for unpaid wages. The evidence submitted by the parties on summary judgment clearly established that the facts relevant to the claim are in dispute and, therefore, preclusive of summary judgment. Plaintiff's substantive arguments on this motion are the same as those made on summary judgment, save Plaintiff's contention that the Court should have discussed Idaho Code Section 45-610(3). However, it was unnecessary for the Court to address Idaho Code 45-610(3), because Plaintiff did not establish as a matter of law that there was a retroactive reduction in his compensation at all, let alone a retroactive reduction in compensation without notice. (Dkt. 98).

For these reasons, Plaintiffs have not shown any manifest error or injustice in the Court's summary judgment ruling. The Court articulated the correct legal standards, and

MEMORANDUM DECISION AND ORDER - 4

properly applied the law to the record as was necessary to decide Plaintiff's motion for partial summary judgment. (Dkt. 98). Plaintiff's instance that the Court must address whether Idaho Code Section 45-610(3) prohibits retroactive reduction to an employee's wages as a matter of law does not establish or create manifest injustice or error in the Court's ruling. (Dkt. 99, 103). Nor does the fact that the Court may not have addressed every issue raised by the parties on summary judgment or the existence of an open legal question create a manifest error of law or fact, or a manifest injustice. For these reasons, the Court will deny Plaintiff's motion.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED** that Plaintiff's Motion to Reconsider (Dkt. 99) is **DENIED**.

DATED: October 30, 2023

Honorable Debora K. Grasham
United States Magistrate Judge